PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR JOHNSON, Appellant.— [In each action] Appeal dismissed for failure to comply with previous order.

■ (A) MICHIGAN MUTUAL LIABILITY Co. et al., Appellants, v. EUGENE B. WHITNEY et al., Respondents. (B) LORRAINE CLOFFEY, Respondent, v. POLICY ADVANCING CORP., Appellant. (C) In the Matter of LORENZO DI CENSO. (D) CLAYTON J. GIANNELLI, Appellant, v. PENNSYLVANIA RAILROAD CO., Respondent. (E) WILLIAM NORTHCUT, an Infant, by EUSTIS P. NORTHCUT, His Guardian ad Litem, Appellant, v. BOARD OF EDUCATION OF THE CENTRAL SCHOOL DISTRICT No. 1, TOWNS OF WEST SENECA AND ORCHARD PARK, ERIE COUNTY, Respondents. (F) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD SKRINE, JR., Appellant. (G) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHNNIE MAE PARKER, Appellant. (H) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH LOUIS PATTERSON, Appellant. (I) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS KELLY, Appellant.— [In each action] Motion granted and appeal dismissed.

■ JOSEPH BARBATO, Respondent, v. CRESCENZO TUOSTO, Appellant, and GABRIELE CANZANO, Respondent.— Appeal dismissed unless records and briefs are filed and served on or before January 17, 1962.

■ ALBERT F. STAGER, INC., Respondent, v. ALLIED CLAIM SERVICES et al., Appellants.— Appeal dismissed unless records and briefs are filed and served on or before December 12, 1961. Respondent's brief must be filed by December 22, 1961 if appeal is to be argued at January 1962 Term.

■ FAIRMEADOWS MOBILE VILLAGE, INC., Respondent, v. JOHN SHAW et al., Appellants.— Motion granted and time for filing of respondent's brief extended to December 22, 1961.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES A. CARUSO, Appellant.— Motion to dispense with printing appendix to brief denied, without prejudice to the right of defendant to make a new motion for permission to appeal on a single typewritten record, but, in view of the statements in the answering affidavit of the People, the motion should be made upon a full disclosure of all the moneys that have been received by the attorney for the defendant and upon a showing of the financial condition of the defendant.